IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LEASEWEB USA, Inc., <br><br> Plaintiff, <br><br> v. <br><br> TOUCHPOINT PROJECTION INNOVATIONS, LLC, <br><br> Defendant. | Civil Action No._____ <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Leaseweb USA, Inc. ("Plaintiff" or "Leaseweb USA"), by and through the undersigned attorneys, hereby alleges the following in support of its Complaint against Defendant Touchpoint Projection Innovations, LLC ("Defendant" or "TPI"):

## NATURE OF THE ACTION

1. This is an action seeking a declaratory judgment that Leaseweb USA does not infringe any claim of United States Patent No. 8,265,089, entitled "Networking Gateway With Enhanced Requesting" (the "'089 patent," alternatively, the "patent-in-suit"), attached as Exhibit A, and for any and all other relief the Court deems just and proper. Leaseweb USA brings this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 101, *et seq*.

2. Leaseweb USA seeks a declaratory judgment of non-infringement because Defendant alleges that Leaseweb USA's DDoS Protection feature (the "Accused Product") infringes the claims of the '089 patent.

3. Defendant, through its attorneys, sent a letter dated February 21, 2023 (hereinafter the "Demand Letter") to Leaseweb USA asserting that "it is TPI's position that Leaseweb USA has been and is currently making, using, selling, and/or offering for sale in the United States services that infringe TPI's patent rights." A copy of the Demand Letter is attached as Exhibit B.

4. The Demand Letter states that "this letter constitutes formal notice to Leaseweb of the '089 patent and TPI's contention that Leaseweb is infringing of one or more the [sic] claims of the '089 patent."

5. An actual and justiciable controversy exists under 28 U.S.C. §§ 2201 and 2202 between Leaseweb USA and the Defendant as to whether Leaseweb USA is infringing or has infringed any claims of the '089 patent.

## THE PARTIES

6. Plaintiff Leaseweb USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 9301 Innovation Drive, Suite 100, Manassas, VA 20110, which is located in this District. Leaseweb USA is a leading provider of cloud hosting products and services to customers in the United States.

7. Defendant Touchpoint Projection Innovations, LLC, is a corporation organized and existing under the laws of the State of Wyoming, having a principal place of business at 1712 Pioneer Ave, Suite 500, Cheyenne, Wyoming 82001.

8. On information and belief, Defendant does not make, use, sell, and/or offer for sale any product or service in the United States. On information and belief, Defendant does not have a website.

9. On information and belief, Defendant did not participate in the purported conception, reduction to practice, or prosecution of the claimed inventions of the '089 patent.

10. Defendant's principal place of business at 1712 Pioneer Ave, Suite 500, Cheyenne, Wyoming 82001 is an office building advertised as a "Virtual office Cheyenne Location" and is known for serving as a virtual location for non-practicing and shell entities.[1]

11. Defendant's formation and incorporation documents on file with the State of Wyoming fail to identify any employees, officers, members, owners, or directors of the business.

12. Defendant purports to be the owner by assignment of the '089 patent.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

14. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

15. This Court has personal jurisdiction over Defendant. Defendant has purposefully availed itself of the rights and benefits of the laws of the State of Virginia by engaging in systematic and continuous contacts with the State such that Defendant should reasonably anticipate being subject to court proceedings here.

16. Defendant has purposefully directed its activities at Leaseweb USA, which resides in this District. Defendant retained the services of counsel based in Alexandria, Virginia, for purposes of enforcing the '089 patent. Defendant then worked together with that counsel in Alexandria, Virginia, to "investigate[] the possibility of infringement of the '089 patent by Leaseweb's DDoS Protection." Defendant's counsel then sent the Demand Letter from its offices

---

[1] *Special Report – A little house of secrets on the Great Plains*, REUTERS (June 28, 2011), https://www.reuters.com/article/oukwd-uk-usa-shell-companies-idAFTRE75R22L20110628; OpusVO Virtual Office Solutions, Virtual office Cheyenne Location (last visited: Feb. 28, 2023), https://www.opusvirtualoffices.com/virtual-office/wyoming/cheyenne/location-907/.

in this District on behalf of the Defendant to Leaseweb USA in its offices in Manassas, Virginia. Exhibit B.

17. Leaseweb USA's claim for declaratory judgment of non-infringement arises out of and relates to Defendant's activities in this District. According to the Demand Letter, the assessment by Defendant's Alexandria-based counsel led Defendant to conclude that Leaseweb USA purportedly infringes or has infringed claims of the '089 patent. The Demand Letter states that "based on this firm's investigation and analysis … [TPI believes] that Leaseweb is and has been infringing on multiple claims of the '089 patent and so would benefit from a license." The Demand Letter included as an attachment "a claim chart to more clearly point out TPI's theory of infringement under 35 U.S.C. § 271 as it relates to Leaseweb and the claims of the '089 patent."[2] Exhibit B.

18. The assertion of personal jurisdiction over Defendant is reasonable and fair. On information and belief, Defendant has no activities outside of its assertion of its purported patent rights. Defendant has no website, no fixed address other than a location in Wyoming used by shell companies, and no identifiable employees, officers, or directors. According to the Demand Letter, Defendant has regular contacts with counsel in this District, and is attempting to enforce the '089 patent against Leaseweb USA in this District.

19. This forum has an interest in resolving the dispute between the parties. Assuming Defendant has employees, officers, or directors, any such individuals will not be burdened if courts in this forum resolve the parties' dispute.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

---

[2] Out of an abundance of caution, Leaseweb USA has omitted from Exhibit B the limitation-by-limitation claim chart attached to the Demand Letter, which Defendant erroneously designated as "HIGHLY CONFIDENTIAL – ATTORNEY WORK PRODUCT."

**FACTUAL BACKGROUND**

21. Defendant, through its attorney, sent a Demand Letter addressed to Leaseweb USA dated February 21, 2023.

22. According to the Demand Letter, Defendant owns all right, title, and interest in the '089 patent.

23. According to the Demand Letter, Defendant's counsel conducted an "investigation and analysis of documents and other disclosures" available on the Leaseweb website, and Defendant and its counsel "investigated the possibility of infringement of the '089 patent by Leaseweb's DDoS Protection" service.

24. According to the Demand Letter, "it is TPI's position that Leaseweb has been and is currently, making, using, selling, and/or offering for sale in the United Sates [sic] services that infringe TPI's patent rights," and that Leaseweb USA's "DDoS Protection feature infringes the '089 patent."

25. According to the Demand Letter, "this letter constitutes formal notice to Leaseweb of the '089 patent and TPI's contention that Leaseweb "is infringing of [sic] one or more claims of the '089 patent."

**COUNT I – DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF THE '089 PATENT**

26. Leaseweb USA incorporates by reference paragraphs 1-25 above as if fully set forth herein.

27. Defendant claims to own all right, title, and interest in the '089 patent by assignment.

28. The Accused Product does not include or practice at least the following claim limitations of the claims of the '089 patent: "A computer communication network system

comprising: a source computer, an MPDU aggregating module, a connection-based network, a gateway, a receiver-side connectionless network, and a receiver computer," "the MPDU aggregating module is structured, programmed and/or data-communication-connected to receive the first packet from the source computer and to aggregate it into a first MPDU, where the first MPDU is in a form and format suitable to be communicated over the connection-based network," "connection-based network," "gateway is structured, programmed and/or data-communication-connected to receive the first MPDU from the connection-based network, to disaggregate the first MPDU into a plurality of smaller data units (DUs) including a first DU at least partially constituted by the first packet, and to selectively communicate the first DU to the receiver-side connectionless network," "the receiver-side connectionless network," "the gateway is structured, programmed and/or data-communication-connected to collect selected network protocol data from the first MPDU, with the selected network protocol data including at least some network protocol data included in the first MPDU and not included in any of the plurality of DUs, and with the selected network protocol data relating exclusively to network protocols and including no data from any data payload(s) which may be present in the MPDU," "the gateway is further structured, programmed and/or data-communication-connected to apply a first rule to the selected network protocol data that has been collected by the gateway," "the gateway is further structured, programmed and/or data-communication-connected to selectively make a responsive reaction based, at least in part, upon the application of the first rule applied by the gateway to the selected network protocol data," "A gateway computer," "the gateway module is structured, programmed and/or data-communication-connected to receive a first MPDU from a connection-based network of the computer communication network system, to disaggregate the first MPDU into a plurality of smaller data units (DUs), and selectively communicate the first DU to a receiver-side connectionless network of the computer communication network system," "the enhanced

requesting module is structured, programmed and/or data-communication-connected to collect selected network protocol data from the first MPDU, with the selected network protocol data including at least some network protocol data included in the first MPDU and not included in any of the plurality of DUs, and with the selected network protocol data relating exclusively to network protocols and including no data from any data payload(s) which may be present in the MPDU," "disaggregating, by the gateway, the first MPDU into a plurality of smaller data units (DUs)," "collecting, by the gateway, selected network protocol data from the first MPDU, with the selected network protocol data including at least some network protocol data included in the first MPDU and not included in any of the plurality of DUs, and with the selected network protocol data relating exclusively to network protocols and including no data from any data payload(s) which may be present in the MPDU."

29.    An actual and justiciable controversy has arisen and now exists between Leaseweb USA and the Defendant concerning whether the Accused Product has infringed any claim of the '089 patent.

30.    A judicial declaration is necessary and appropriate so that Leaseweb USA may ascertain its rights in view of Defendant's allegations of infringement of the claims of the '089 patent.

31.    Leaseweb USA seeks a judgment declaring that Leaseweb USA does not directly or indirectly infringe any claim of the '089 patent, either literally or under the doctrine of equivalents.

**DEMAND FOR TRIAL BY JURY**

Leaseweb USA demands a trial by jury on all issues and claims that are so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Leaseweb USA prays for judgment as follows:

7

  A.  A declaration that Leaseweb USA does not directly or indirectly infringe any claim of the '089 patent, either literally or under the doctrine of equivalents;

  B.  Finding that this is an exceptional case under 35 U.S.C. § 285;

  C.  Awarding Leaseweb USA its costs and attorneys' fees in connection with this action; and

  D.  Awarding Leaseweb USA such other and further relief as the Court deems just and proper.

Dated: February 28, 2023        Respectfully Submitted.

                 ALLEN & OVERY LLP

                 */s/ Gaela Gehring Flores*
                 Gaela Gehring Flores
                 VA Bar No. 40428
                 James P. Gagen (*pro hac vice* pending)
                 1101 New York Ave, NW
                 Washington, DC 20005
                 Telephone: (202) 683-3800
                 Fax: (202) 683-3999
                 James.Gagen@allenovery.com
                 Gaela.GehringFlores@allenovery.com

                 Grace Wang (*pro hac vice* pending)
                 Kristyn Hansen (*pro hac vice* pending)
                 1221 Avenue of the Americas
                 New York, NY 10020
                 Telephone (212) 756 6300
                 Fax: (212) 610-6399
                 Grace.Wang@allenovery.com
                 Kristyn.Hansen@allenovery.com

                 *Counsel for Plaintiff Leaseweb USA, Inc.*